ESTATE OF NUÑEZ *v.* DISTRICT COURT.

APPLICATION for a Writ of *Certiorari.*

No. 39.—Decided January 30, 1908.

HEIRS—RIGHTS AND ACTIONS OF PREDECESSOR.—As the heirs succeed a decedent by the mere fact of his death to all his rights and obligations, they have a right of action to recover his credits and the necessary capacity to convey the same to a third party.

CERTIORARI—PRESCRIPTION.—The prescription of an action prosecuted is not a question of procedure which may be considered under an application for *certiorari.*

The facts are stated in the opinion.
*Mr. Sarmiento* for the petitioner.
*Mr. Manuel F. Rossy* for opposition.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

On July 31, 1907, Fernándo J. Montilla filed a complaint in the second section of the District Court of San Juan against the Estate of Juan B. Nuñez, seeking to recover a mortgage credit constituted by the latter for the sum of 1,600 *escudos* under the summary proceeding established by the Mortgage Law, and interest on said sum at the rate of two per cent per month for twenty years.

This mortgage, which had been constituted originally in favor of Vicente Rodríguez, passed by assignment, which is embodied in a public instrument duly executed, into the hands of José R. Tibot y Fuentes, who undoubtedly had it recorded in the registry of property.

José R. Tibot having died, Carmen Tibot y Fuentes and María del Carmen Fuentes appeared before Notary Luis Campillo, the former claiming to be the executor and both of them heirs of the said Tibot, and conveyed said mortgage to Fernando J. Montilla.

This deed is an authenticated copy, and in view of another document the conveyance was recorded in the registry of property.

To the initial petition were attached all the public documents establishing the constitution of the mortgage to secure the loan made to Juan B. Nuñez and all the successive assignments, until the present holder of the credit is reached, who is, as we have said, Fernando J. Montilla, the present claimant, of the sum alleged to be due.

A certificate issued by the registrar to the effect that the mortgage had not been cancelled was also attached.

And as in the aforesaid petition initiating the claim are set forth all the facts and the legal reasons determining the certainty, existence and demandability of the credit, as also the jurisdiction of the court, and all other pertinent matters, the judge of the San Juan court held that the provisions of article 169 of the Regulations for the Execution of the Mortgage Law had been complied with, and pursuant to the

provisions of article 170, he issued on August 24 last the demand for payment, upon the debtors, who are the persons now composing the Estate of Juan B. Nuñez.

This estate prayed, through its counsel, for a reconsideration of the order made, and on November 14, 1907, the judge denied the application for the reconsideration.

Under these circumstances an application for a writ of *certiorari* was made to this Supreme Court on the ground that there was no ordinary remedy in this case to stay the proceedings instituted for the recovery of the mortgage credit, and it was alleged:

1. That the deed of assignment presented in the form of an original copy, executed by María del Carmen Fuentes and Carmen Tibot in favor of Fernándo J. Montilla, is not an enforceable title, because the conveyance of the mortgage held by José R. Tibot to the assignors does not appear in a public document.

2. That the foreclosure action had prescribed, according to the provisions of article 134 of the law.

And as the judge, notwithstanding these reasons, issued the formal demand for payment, he has committed these two errors of procedure, and it is prayed that a certified copy of the proceedings be called for, and in due time that the order of August 24, 1907, be set aside.

The writ of *certiorari* was issued and the original record received by this court for decision after a hearing had on the 22d instant, at which counsel for the parties made their oral agruments.

It is not denied here that José R. Tibot died on July 18, 1906, and that he had made a will on April 30, 1906, because all these matters appear in an authentic manner in the deed of assignment executed in favor of the execution creditor, Montilla, as does the character of executrix of one of the assignors.

Nor is it denied that the assignors of the mortgage credit are the only heirs of José R. Tibot. This appears to be admitted.

What is alleged as an error is that the transfer of the mortgage of Tibot to the assignors is not embodied in a public document.

But, according to article 661 of the Civil Code, heirs succeed the deceased in all his rights and obligations by the mere fact of his death, hence it is evident that the assignors had a right of action to recover said mortgage and capacity to assign it to another person, as was done in this case to Montilla, who in turn had it recorded in view of another document, which must surely have been the will of Tibot.

The title is consequently enforceable and the judge who issued the demand for payment did not commit the error which he is alleged to have committed in this connection.

The second error is said to consist in the prescription of the foreclosure action.

Even assuming that the prescription did exist it could never be considered an error of procedure.

If the judge in maintaining that the foreclosure action does not appear to have prescribed has committed an error, which we do not affirm, it would be due to a conclusion deduced from the substantive law, and a writ of *certiorari* does not lie in such a case.

In view of the reasons stated, the writ of *certiorari* previously issued should be vacated, and a judgment rendered in this case conforming to this opinion.

*Annulled.*

Justices Hernández and Wolf concurred.

Mr. Justice MacLeary dissented.

Mr. Chief Justice Quiñones did not take part in the decision in this case.